FILED

2026 Jun-03  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SERRA CHEVROLET, INC.,** | |
| **Plaintiff**, | |
| **v.** | **Case No. 2:23-cv-1675-HDM** |
| **GENERAL MOTORS, LLC,** | |
| **Defendant**. | |

## MEMORANDUM OPINION AND ORDER

Before the court is the parties' Joint Motion to Vacate Summary Judgment Order and Reconsideration Order. (Doc. 121). The parties ask the court to vacate its Memorandum Opinion and Order on the parties' cross-motions for summary judgment, (doc. 102), and its Memorandum Opinion and Order denying General Motors LLC's motion for reconsideration, (doc. 113). The parties represent that they have reached a comprehensive settlement of all claims and defenses and that, after the court resolves the joint motion, they are prepared to file a joint stipulation of dismissal with prejudice. (Doc. 121 at 1). For the reasons explained below, the parties' motion is due to be **GRANTED**.

## BACKGROUND

Serra Chevrolet, Inc. ("Serra") sued General Motors LLC ("GM") for breach of contract, violations of the Alabama Motor Vehicle Franchise Act ("AMVFA"), negligence, wantonness, and violations of the federal Dealer's Day in Court Act. (Doc. 1). The claims arose from GM's system for allocating vehicles to Serra under the parties' Dealer Sales and Service Agreement. *Id.* Serra moved for partial summary judgment, (doc. 45), and GM moved for summary judgment, (doc. 47). The court entered its summary judgment order on December 19, 2025, denying Serra's motion, granting GM's motion in part, and denying GM's motion in part. (Doc. 102).

Specifically, the court granted GM summary judgment on Serra's AMVFA theories under Ala. Code §§ 8-20-4(1)(h) and 8-20-4(2), Serra's negligence and wantonness claims, and Serra's Dealer's Day in Court Act claim. *Id.* at 22. But the court denied both parties' motions on Serra's AMVFA allocation claim under Ala. Code § 8-20-4(3)(a) and on Serra's breach-of-contract claim. *Id.* Those claims remained pending for trial. The court later denied GM's motion for reconsideration. (Doc. 113).

The orders at issue therefore adjudicated fewer than all claims and did not end the action. No final judgment has been entered. After the court entered the orders, the parties continued settlement discussions and have now resolved the case. (Doc.

121 at 1). They jointly request vacatur of the summary judgment and reconsideration orders. *Id.*

## LEGAL STANDARD

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, the Supreme Court held that, outside of "exceptional circumstances," settlement-caused mootness does not justify appellate vacatur of a judgment under review. 513 U.S. 18, 26–29 (1994). And recognizing the public interest in preserving judicial precedents, which are not merely the property of private litigants, it held that "exceptional circumstances" do not include the mere fact that the parties' settlement agreement provides for vacatur. *Id.* at 26–27.

But district courts have broad authority to vacate or modify their own interlocutory orders. *See* Fed. R. Civ. P. 54(b) (providing that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims"); *see also Re/Max Int'l, Inc. v. Citimaxx Corp.*, No. 8:08-cv-2554-T-27, 2010 WL 11508111, at *1 (M.D. Fla. Sept. 7, 2010) (citing Rule 54(b) for vacatur of the court's own interlocutory order); *Cent. Miss. Credit Corp. v. Vaughn*, No. 3:15-cv-932, 2016 WL 7107769, at *1 n.1 & *2 (M.D. Ala. Dec. 6, 2016) (noting motion to vacate interlocutory order is properly brought pursuant to Fed. R. Civ. P. 54(b)).

Accordingly, unlike a request for vacatur before an appellate court, the district court's discretion to vacate its own judgment "is not cabined by the 'exceptional circumstances' test" set forth in *Bancorp*. *Lundsten v. Creative Cmty. Living Servs., Inc.*, No. 13-C-108, 2016 WL 111431, at *1 (E.D. Wisc. Jan. 11, 2016) (citing *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007)). *See also Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998) ("Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance.").

Rather, the Eleventh Circuit has made clear that *Bancorp* does not impose a categorical rule against settlement-related vacatur. *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1334–36 (11th Cir. 2016). Instead, the court must conduct an equitable balancing test, "weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent. The precise application of this approach will vary case by case." *Id.* at 1336. *See also Lundsten*, 2016 WL 111431, at *1 (citing *Mayes v. City of Hammond, Ind.*, 631 F. Supp. 2d 1082, 1086 (N.D. Ind. 2008), for the proposition that district courts considering vacatur must balance "the various public and private interests at stake, including the effect on judicial precedent, the preclusive effect of the Court's opinion, and the impact on judicial

4

resources"). On that basis, "[t]he law is clear that district courts have equitable discretion to grant vacatur of judgments in appropriate circumstances, including at the request of the parties in furtherance of a settlement." *Houchins v. Weiss*, No. 21-cv-81046, 2025 WL 3016556, at * 1 (S.D. Fla. June 25, 2025) (citation omitted).

## DISCUSSION

The court begins with two limiting principles. First, the parties' agreement to jointly seek vacatur does not itself warrant vacatur. The court has independently considered the relevant public and private interests, and it does not grant the motion merely because both parties prefer that result. Second, although the parties agreed to seek vacatur as part of their settlement, the court does not understand the settlement itself to be contingent on vacatur. The case therefore differs from *Hartford Casualty*, *Motta v. Dist. Dir. of I.N.S.*, 61 F.3d 117 (1st Cir. 1995), and *Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149 (2d Cir. 1998), all of which emphasized circumstances in which vacatur was necessary to effectuate settlement.

The absence of a settlement contingency materially affects the weight of the settlement-facilitation factor. It does not, however, end the Rule 54(b) inquiry. *Hartford Casualty* requires an equitable balance rather than a rigid prerequisite. And Rule 54(b) independently authorizes revision of interlocutory orders before final judgment when sufficient reasons support that exercise of discretion. Several circumstances, considered together, support vacatur here.

First, the orders are interlocutory. The summary judgment order resolved some claims, but it left the AMVFA allocation claim under Ala. Code § 8-20-4(3)(a) and the breach-of-contract claim pending for trial. The reconsideration order likewise did not end the action. The disputed issues that remained after those orders were never tried to a jury and were never reviewed on appeal. The public interest in preserving the orders is therefore weaker than it would be if the court were being asked to vacate a final judgment after trial or a decision that had been tested through appellate review.

Second, the public value of the orders, while real, is limited. The summary judgment and reconsideration orders addressed the interpretation of the parties' Dealer Sales and Service Agreement under Michigan law and the application of the AMVFA under Alabama law. A federal district court decision on state-law issues is not binding precedent on any other court, or even on the same court in a different case. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). *Hartford Casualty* likewise recognized the comparatively slight value of preserving a district court ruling on questions of state contract law when that value is balanced against substantial settlement-related benefits. 828 F.3d at 1336.

Third, the parties have identified concrete private and practical interests that go beyond a generalized desire to erase unfavorable language from the record. This is a joint request, not a unilateral attempt by one party to deprive an opposing party

6

of a ruling that the opposing party wishes to preserve. The parties also remain in an ongoing commercial relationship. And the orders concern standardized provisions of GM's Dealer Sales and Service Agreement, which the parties represent are used in GM's broader dealer network. Although the orders are not binding precedent and should not have preclusive effect in future disputes, their continued existence—and the unresolved issues they left for a now-nonexistent jury to decide—will have practical consequences for the parties and may influence future litigation involving related contractual language and dealer-allocation issues.

Fourth, vacatur promotes final resolution of this action. The parties have settled all claims and defenses and represent that they will file a joint stipulation of dismissal with prejudice after this motion is resolved. If the court denied vacatur, there would be no remaining merits dispute for this court to try, but there could be collateral proceedings concerning the continued effect of interlocutory orders in a settled case. The court does not grant vacatur because one party might seek appellate relief if the motion were denied. That possibility is not controlling. But the court may consider, as part of the equitable balance, whether denying vacatur would likely conserve judicial resources or instead risk additional satellite proceedings over orders that no longer have operative significance in this case. *See Cent. Miss. Credit Corp.*, 2016 WL 7107769, at *2 ("[T]he public interest would be furthered by halting

further proceedings, which would potentially involve three levels of the federal court system, thereby saving judicial resources.").

The court has also considered the countervailing public interest in preserving judicial decisions. That interest is important. The parties may not treat judicial rulings as bargaining chips or private property. Nor should district courts routinely vacate substantive orders whenever settling parties jointly request that relief. Here, however, the orders are interlocutory and non-final; the principal surviving claims were not tried and are thus left unresolved; the orders were not reviewed on appeal; the substantive rulings are nonbinding and state-law-focused; and the parties have made a concrete showing that the orders may affect their ongoing commercial relationship and related dealer-network issues. On this record, the public interest in preserving the orders is outweighed by the parties' interests in finality, the court's interest in bringing this settled litigation to a complete close, and the public interest in avoiding further expenditure of judicial resources on collateral proceedings.

While the parties' request for vacatur—standing alone—would generally be insufficient, the court concludes that, due to the specific and unusual confluence of facts in this case, vacatur is warranted under Rule 54(b), informed by the equitable balancing principles set forth in *Bancorp* and *Hartford Casualty*. This ruling is not based on a determination that the vacated orders were erroneous.

## CONCLUSION

The parties' Joint Motion to Vacate Summary Judgment Order and Reconsideration Order, (doc. 121), is **GRANTED**. The court's Memorandum Opinion and Order on the parties' cross-motions for summary judgment, (doc. 102), and Memorandum Opinion and Order denying GM's motion for reconsideration, (doc. 113), are **VACATED**. The parties are **ORDERED** to file, on or before **June 10, 2026**, their joint stipulation of dismissal with prejudice or a joint status report explaining why the stipulation has not been filed.

**DONE** and **ORDERED** on June 3, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

9